FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Beth I. Goldman
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Plaintiff Scholastic Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
SCHOLASTIC INC.,

   Plaintiff,

-against-

FRANS LANTING and FRANS LANTING INC.,

   Defendants.
-----------------------------------------------------------------X

**COMPLAINT FOR
DECLARATORY JUDGMENT**

15 Civ. _____ (     )

Plaintiff Scholastic Inc. ("Scholastic"), by its undersigned attorneys, brings this Complaint for Declaratory Judgment against Defendants Frans Lanting, an individual residing in California and Frans Lanting Inc., a California Corporation (together, "Lanting").

**Nature of the Action**

1. This is an action for a declaratory judgment of non-liability pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, to resolve an actual case or controversy that has arisen between Scholastic and Lanting. Lanting has asserted that Scholastic has infringed the copyrights in numerous stock photographs (the "Images") licensed by Lanting to Scholastic either directly, or through Lanting's agent, Corbis Inc. ("Corbis").

2. Through its legal counsel, the firm of Harmon & Seidman, which is currently litigating or has litigated numerous other copyright cases based on similar allegations in this

District and other jurisdictions, Lanting has threatened to "file a lawsuit forthwith . . . in Lanting's home district" if Scholastic does not immediately comply with its demand for an exhaustive audit of its use of the Images. Lanting has no right under the Copyright Act or any contract with Scholastic to audit Scholastic's use of the Images.

3. Lanting has demanded that Scholastic disclose the print runs, image size, geographic distribution area, textbook language, and electronic uses of numerous Images allegedly used by Scholastic and has insisted that this information be provided without any time limit. Yet Lanting has not provided any information as to the registration of the copyrights in the Images Lanting claims have been infringed, the Scholastic publications in which the Images allegedly appear or the basis for the assertion that Lanting's copyrights have been infringed.

4. Based on the limited information Lanting has provided, it appears that many of Lanting's purported copyright claims are based on invoices or licenses that date back nearly ten years, making it likely that there have been no sales of publications using such images for the past three years. Under this circumstance, Lanting's claims would be barred by the applicable statute of limitations. *See Petrella v. Metro-Goldwyn-Meyer, Inc.*, 134 S. Ct. 1962, 1969 (2014) ("Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence"); *Wu v. John Wiley & Sons, Inc.*, No. 14 Civ. 6746, 2015 WL 5254885 (S.D.N.Y. Sep. 10, 2015) (Report and Recommendation by Mag. Judge Andrew J. Peck).

5. In addition, Lanting's threatened claims are subject to numerous other defenses including, *inter alia*: that any alleged use by Scholastic was under license from Lanting and/or Corbis; that the uses of Lanting's Images are permitted by the applicable license; that Lanting has failed to comply with the prerequisites of the Copyright Act; that Lanting lacks standing to

bring some or all of the claims it is making; and/or that Scholastic is not responsible for any infringing conduct.

## The Parties

6. Plaintiff Scholastic Inc. is a corporation organized under the laws of New York that maintains its principal place of business at 557 Broadway, New York, NY 10012.

7. Upon information and belief, defendant Frans Lanting is a photographer residing in Santa Cruz, California.

8. Upon information and belief, defendant Frans Lanting Inc. maintains its principal place of business at 500 Chestnut St. Suite 200, Santa Cruz, California 95060.

## Jurisdiction and Venue

9. This is an action for a declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 2201, which authorizes the Court to declare the rights and other legal relations between interested parties, and 28 U.S.C. § 1338, which provides for jurisdiction in connection with claims arising under the copyright laws.

11. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the plaintiffs and the defendant are citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds the amount of $75,000.

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a).

13. This Court has personal jurisdiction over Lanting pursuant to New York Civil Practice Law and Rules ("NYCPLR") § 301 because Lanting has purposely targeted his and its activities to and has systematically transacted, done, and solicited business in this District.

Lanting also is subject to personal jurisdiction in this Court under NYCPLR § 302(a) because Lanting transacted business with Scholastic in New York, both directly and through Corbis, and the claims herein arise out of that business activity. Moreover, Scholastic's comprehensive agreements with Corbis relating to Scholastic's right to use images represented by Corbis include forum selection clauses mandating litigation of claims in the courts of the State of New York.

## Relevant Facts

14. Scholastic is the world's largest publisher and distributor of children's books and a leader in educational publishing and children's media. For the past 90 years, Scholastic has published educational materials, including children's books, magazines, teaching materials, technology-based products, television programming, films, and video. Scholastic regularly licenses stock images to include in its publications.

15. Upon information and belief, Frans Lanting is a commercial photographer who owns and operates Frans Lanting, Inc., a photo agency that that sells both stock photographs and fine art prints. Through his photo agency, either in his own name, his agency's name or through stock photo agencies such as Corbis, Frans Lanting supplies photographs to publishers for use in their books and other publications.

16. Scholastic and Corbis have periodically entered into comprehensive agreements that permit Scholastic to use images represented by Corbis under certain terms and conditions. These agreements establish that Scholastic had the right to use Corbis-represented photographs, including many of the Images, based upon a pricing structure set forth in such agreements.

17. In the regular course of its business dealings with Corbis, Scholastic provided Corbis with good faith, pre-publication estimates of the type of use that would be made of a

particular Corbis-represented image including the estimated print run. The amount invoiced by Corbis and paid by Scholastic would be based upon such estimates.

18. If Scholastic exceeded some aspect of its pre-publication estimates, pursuant to the agreements between Scholastic and Corbis, Corbis was entitled to seek additional payment from Scholastic on behalf of the photographer it represented.

19. Upon information and belief, Corbis has not made any demand to Scholastic for payments relating to the Images that Lanting claims have been infringed.

20. On November 20, 2015, Lanting's counsel sent a demand notice via email (the "Demand") seeking an audit of Scholastic's use of 54 images: "12 Lanting direct licenses to Scholastic" and 42 "Corbis-licensed uses of Lanting images." For each licensed use, the email seeks information relating to "print runs, image size, geographic distribution area, textbook language, electronic uses" without any date limitation. Attached hereto as Exhibit A is a true and correct copy of the email.

21. The Demand states that if Scholastic does not comply, Lanting "will file a lawsuit forthwith" and that such lawsuit will be in "Lanting's home district."

22. The Demand does not include any information as to the registration of the copyrights in the Images that Lanting claims have been infringed, the Scholastic publications in which the Images allegedly appear or the basis for the assertion that Lanting's copyrights have been infringed.

23. Recently, Frans Lanting has initiated litigations against other publishers claiming that they have infringed Lanting's copyrights in stock photographs licensed by Lanting or through Lanting's agent, including by using those stock photographs beyond the scope of applicable licenses.

5

24.     There is no legal basis under the Copyright Act for Lanting to demand an expansive audit of Scholastic's use of the Images. Any claim for such an audit would be barred as a matter of law. *See, e.g., Young-Wolff v. McGraw-Hill Companies*, No. 13-CV-4372 KMW JCF, 2014 WL 349711, at *6-8 (S.D.N.Y. Jan. 31, 2014). Moreover, Lanting does not have any contractual right to audit Scholastic's use of the Images.

25.     It is possible that Lanting's claims include Images used in publications that Scholastic currently is selling or intends to sell in the future.

26.     In addition, many of Lanting's threatened claims are subject to other valid and enforceable defenses including, *inter alia,* that:

   a.   The claims are barred by the statute of limitations;

   b.   Scholastic has not exceeded the scope of the applicable licenses;

   c.   To the extent Lanting has any valid claims, they sound in breach of contract, not under copyright law (and therefore may be barred by the statute of limitations for contract claims).

   d.   Lanting has failed to comply with the registration and other prerequisites of the Copyright Act and/or does not have standing to sue on many of the Images that it claims have been infringed;

   e.   To the extent that Lanting's threatened claims relate to Scholastic's reuse of a photograph in a later edition, revised version, or an electronic version of a work for which Scholastic had previously licensed a photograph, such re-use is non-infringing pursuant to the revision privilege contained in Section 201(c) of the Copyright Act.

27. In light of these defenses, and others to be determined through discovery, Lanting has no viable claim of copyright infringement or any other claim against Scholastic as a matter of law.

28. Given Lanting's explicit threat to "file a lawsuit forthwith," and Lanting's claims against other publishers, Scholastic has a reasonable and good faith belief that this case and controversy is ripe and justiciable.

## COUNT ONE

### (Claim for Declaratory Relief)

29. Scholastic repeats and realleges the allegations of Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Lanting has asserted that Scholastic's use of his/its Images constitutes copyright infringement and has threatened to bring a lawsuit forthwith in the United States District Court in Lanting's "home district" (presumably, the Northern District of California).

31. Scholastic denies that it has infringed Lanting's copyrights and asserts that it has defenses to Lanting's claims, including that: (1) Lanting has no audit right under the Copyright Act and no contractual right to an audit of the uses of the Images; (2) Lanting's copyright claims are barred by the statute of limitations; (3) Scholastic has not exceeded the applicable licenses; (4) to the extent that Lanting has any claims against Scholastic, such claims sound in breach of contract not copyright law (and may be barred by the applicable statute of limitations); (5) Lanting has failed to comply with the prerequisites of the Copyright Act and/or lacks standing to bring his alleged claims; and (6) Scholastic's uses of the Images are permitted by Section 201(c) of the Copyright Act.

32. Accordingly, an actual, present and justiciable controversy has arisen between Lanting and Scholastic concerning the use of Lanting's images by Scholastic.

33. Scholastic has suffered and will continue to suffer harm as a result of the uncertainty concerning Scholastic's potential liability for the uses of the Images identified in the Demand.

## Prayer for Relief

WHEREFORE, by the undersigned attorneys, Scholastic prays for relief as follows:

A. A Judgment declaring that Lanting has no legal basis to audit Scholastic's use of its images under the Copyright Act or any contract;

B. A Judgment declaring that Scholastic has not infringed Lanting's copyrights in the Images;

C. That Scholastic recover its costs and disbursements incurred in this action, including its reasonable attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 7, 2015

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
Edward H. Rosenthal, Esq.
Beth I. Goldman, Esq.
488 Madison Avenue
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
erosenthal@fkks.com
bgoldman@fkks.com

*Attorneys for Plaintiff Scholastic Inc.*

8